UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-442-FDW

| | |
|---|---|
| REGINALD WILLIAM LINSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JAMES EXUM, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff has paid the full filing fee. See (Doc. No. 1).

## I. BACKGROUND

*Pro se* incarcerated Plaintiff has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against the private attorney James Exum. He argues that he retained Exum to represent him on a federal criminal charge. Plaintiff complains that Exum provided ineffective representation and failed to justify the charges with adequate bills. Plaintiff acknowledges that he raised claims of ineffective assistance of counsel via 28 U.S.C. § 2255. In the instant action, he explains that he "is not challenging the conviction or sentence, just the deprivation of his constitutional rights per defendant's representation and abandonment of his appeal." (Doc. No. 1 at 5). Plaintiff further claims that Defendant breached the attorney-client privilege by discussing his case with non-lawyers. Plaintiff seeks compensatory damages, punitive damages, and costs.

## II. STANDARD OF REVIEW

A prisoner's complaint seeking redress from the Government that is frivolous, malicious, or fails to state a claim may be dismissed *sua sponte* even if the Plaintiff has paid the full filing

1

fee. 28 U.S.C. § 1915A. A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

"To implicate 42 U.S.C. § 1983, conduct must be 'fairly attributable to the State.'" DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche, 191 F.3d at 506. "Private lawyers do not act "under color of state law" merely by making use of the state's court system." Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) (quoting Dennis v. Sparks, 449 U.S. 24, 28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980)).

Plaintiff seeks to recover legal fees he paid to attorney Exum because he is dissatisfied with the quality of Mr. Exum's services and with billing. However, Plaintiff has failed to demonstrate that Mr. Exum was a state actor for purposes of § 1983. The Complaint will therefore be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**IV. CONCLUSION**

For the reasons stated herein, Plaintiff has failed to state a claim against the only Defendant and the Complaint is deficient and subject to dismissal. Plaintiff shall have thirty (30) days in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.
2. Plaintiff shall have thirty (30) days in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint within the time limit set by the Court, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.
3. The Clerk is directed to mail Plaintiff a new Section 1983 complaint form.

Signed: April 2, 2020

Frank D. Whitney
Chief United States District Judge